LOUIS PISCIOTTA, PLAINTIFF-APPELLANT, v. MAHONEY-TROAST CONSTRUCTION COMPANY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 29, 1950—Decided June 7, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Thomas J. Brett* argued the cause for plaintiff-appellant (*Mr. John W. McGeehan, Jr.,* and *Messrs. O'Brien, Brett & O'Brien,* attorneys).

*Mr. Robert Shaw* argued the cause for defendant-respondent (*Messrs. Duggan, Shaw & Hughes,* attorneys).

The opinion of the court was delivered by

DONGES, J. A. D.   This is an appeal from a judgment in the Union County Court reversing an award for petitioner in the Workmen's Compensation Bureau.

Two claims were filed in this matter, one alleging that on June 25, 1948, petitioner suffered an acute coronary thrombosis arising out of and in the course of his employment, and the second alleging that on June 28, 1948, he suffered an aggravation of the myocardial damage initially sustained on June 25th. Respondent denied that petitioner's injury arose out of and in the course of his employment. The cases were consolidated and tried together.

Petitioner testified that he was a bricklayer and had worked for defendant from March 10, 1948. About a week prior to June 25th, he was assigned to the work of cutting concrete with an electric hammer. He stated he had never used an electric hammer before going to work for respondent. Up to about 12:30 P. M. on June 25th, he had worked with a small electric hammer which weighed from 10 to 15 pounds. The small machine could be held with one hand and the other hand was used to hold the chisel down so that it would cut.

After lunch on June 25th, another employee, who was assigned to the task of supplying electric hammers to the bricklayers, took the small machine from the petitioner and gave him one which weighed about thirty-five pounds. In order for plaintiff to cut the concrete with this larger machine, it was necessary for petitioner to hold the machine with both hands and to press it against his chest.

After using this machine for about an hour and a half, he developed a severe pain in his chest and arms. He perspired profusely and was unable to continue his work. Later that evening, he saw his family physician who gave him some medication and told him to go home and take it easy.

On Monday, June 28th, although he was still in some pain, he reported for work and worked for a very short time with the same heavy electric hammer he used on June 25th, when he suffered another severe pain in the chest.

The medical testimony was conflicting. Petitioner's doctors, who had treated him, testified that the heart condition was the result of the unusual strain exerted on June 25th and June 28th.

The Deputy Director of the Workmen's Compensation Bureau found that petitioner suffered an injury as a result of the unusual strain and awarded compensation and other allowances. The County Court reversed the award and dismissed petitioner's claim.

The question involved in this case is the usual one: Was there a compensable accident within the intendment of the act?

██ Where there is an injury or death from a heart ailment which is claimed to have resulted from an accident arising out of and in the course of the petitioner's employment, there must be a showing of causal strain or exertion of an unusual nature. *Moleski v. Bohen,* 1 *N. J. Super.* 136 (*App. Div.* 1948); *Grassgreen v. Ridgeley Sportswear Mfg. Co.,* 2 *N. J. Super.* 62 (*App. Div.* 1949); *Temple v. Storch Trucking Co.,* 2 *N. J. Super.* 146 (*App. Div.* 1949); affirmed, 3 *N. J.* 42 (*Sup. Ct.* 1949); *Carpenter v. Calco Chemical Div. of American Cyanamid Co.,* 4 *N. J. Super.* 53 (*App. Div.* 1949). There must be an event or happening beyond the mere employment itself. *Franklin v. U. S. Bronze Powder Works,* 6 *N. J. Super.* 320 (*App. Div.* 1950). But even in heart disease cases the petitioner is not confronted with the impossible task of proving the essential elements beyond any doubt; it is sufficient if there is "a probable or more probable hypothesis with reference to the possibility of other hypotheses." See *Carpenter v. Calco Chemical Div. of American Cyanamid Co., supra.*

██ In the instant case, there was such unusual strain or exertion within the intendment of the cited cases. Petitioner has established sufficient evidence to show that his condition was not the result of natural physiological causes but was caused by an event or happening of unusual character and beyond the mere employment itself. It is quite evident from the record that the use of the heavy electric hammer was not a task customarily within petitioner's prior customary duties. It was a much heavier hammer than that which he had been using and required a great deal more strain on his part. From

this work came an unusual strain which was not incident to his daily routine. The facts in this case demonstrate that the injury is, therefore, the result of a compensable accident.

The judgment of the County Court is reversed.